UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────────────x
In re:                                    :
                                          :
RESIDENTIAL CAPITAL, LLC, *et al.*,       :
                                          :
        Debtors.                  :
                                          :
──────────────────────────────────────────:
                                          :
PHILLIP SCOTT,                            :       **OPINION AND ORDER**
                                          :
        Appellant,                :       14 Civ. 761 (ER)
                                          :
        v.                        :
                                          :
RESIDENTIAL CAPITAL, LLC,                 :
                                          :
        Appellee.                 :
─────────────────────────────────────────x

Ramos, D.J.:

      Phillip Scott ("Scott" or "Appellant") appeals from an order of the United States Bankruptcy Court for the Southern District of New York (the "Order") denying the motion he filed in the underlying Chapter 11 bankruptcy proceeding to, *inter alia*, enjoin further prosecution of the foreclosure action against his residence as a violation of the Automatic Stay. Doc. 1.[1] The Bankruptcy Court denied the motion on the basis of standing. Bankr. Doc. 6154. For the reasons set forth below, the Bankruptcy Court's Order is AFFIRMED.

    **I.**    **Background**

        a.  *The Underlying Bankruptcy Proceeding*

      Residential Capital, LLC and certain of its subsidiaries and affiliates (collectively, "Debtors") filed for Chapter 11 bankruptcy protection on May 14, 2012. Bankr. Doc. 1. At a

---

[1] References to "Doc." relate to documents filed in the instant appeal. References to "Bankr. Doc." relate to documents filed in the underlying bankruptcy proceeding, *In re Residential Capital, LLC*, No. 12-12020 (MG).

hearing held on November 19, 2012, the Court approved the Debtors' motion to sell their loan servicing and origination platform (the "Platform Assets") to Ocwen Servicing, LLC ("Ocwen"). On November 21, 2012, the Court entered an order approving the sale to Ocwen. Bankr. Doc. 2246. The sale closed on February 15, 2013.

On December 11, 2013, following a hearing, the Bankruptcy Court entered an order approving the terms of the Chapter 11 plan (the "Plan"). Bankr. Doc. 6065. The Plan became effective on December 17, 2013.

      b. *Appellant's Purported Connection to the Bankruptcy Proceeding*

On June 16, 2005, Barbara Campbell, Marlene Gaethers Langley, and Scott (collectively, the "Defendants" in the state court foreclosure action) signed a $725,000.00 note and mortgage (the "Mortgage") secured by the property at 12 Inverness Road, Scarsdale, New York 10583 (the "Property"). Declaration of Lauren Graham Delehey In Support of Debtors' Objection to Phillip Scott's Motion, ¶ 3. Finance America, LLC originated the Mortgage and subsequently conveyed it to one of the Debtors, Residential Asset Mortgage Products, Inc., as Depositor, which then assigned the Mortgage to JPMorgan Chase as trustee for the residential mortgage-backed securities trust, RAMP 2005 RZ3, pursuant to a Pooling and Servicing Agreement dated September 1, 2005. *Id.* The Bank of New York Trust Company, N.A. ("BNY") has served as trustee of the trust since May 2008. *Id.* The Mortgage was serviced by Debtor Residential Funding Corporation, and subserviced by Debtor GMAC Mortgage, LLC, before the servicing rights were transferred to Ocwen as part of the sale of the Platform Assets. *Id.* ¶ 4.

On July 29, 2008, after Defendants defaulted on their loan, BNY filed a foreclosure complaint in the Supreme Court of New York, Westchester County (the "Foreclosure Action"). *Id.* ¶ 5. Defendants were served with the summons and complaint, but failed to appear. *Id.* On

March 25, 2009, the court entered a judgment of foreclosure. *Id.* Scott then brought three orders to show cause seeking to vacate the judgment of foreclosure, all of which were denied. *Id.*

On May 6, 2013, Scott filed a borrower notice ("Borrower Notice") with the state court, which stated that a foreclosure sale of the Property would constitute enforcement against property of the estate. Borrower Notice ¶ 11. The Borrower Notice further stated that if the foreclosure sale proceeded, Scott would move to void the sale in the bankruptcy court as a violation of the automatic stay. *Id.* ¶ 19.

On August 9, 2013, Scott filed a motion in the Bankruptcy Court ("Motion"), which claimed that the Mortgage was owned by RAMP 2005 RZ3, a "subsidiary of Debtor," whose assets passed into the bankruptcy estate. Motion at ¶¶ 6-7.[2] Scott argued that the Mortgage was property of the estate and that BNY's prosecution of the Foreclosure Action therefore violated the automatic stay. *See id.* ¶¶ 21-22, 25.

In an October 9, 2013 hearing in the Bankruptcy Court, Appellant's counsel attempted to clarify that Scott had standing to bring the motion because Scott represented RAMP's interest as a creditor, and because third parties with "unique" knowledge of fraud have standing in bankruptcy cases as long as they indicate the nature of the fraud. Oct. 9, 2013 Hr'g Tr. 24:7, 26:5, 26:11-12. The Court took the Motion under advisement.

On December 19, 2013, the Bankruptcy Court held that Scott lacked standing to assert a violation of the automatic stay. In particular, the court determined that in order to be a party in interest under Section 1109(b) of the Bankruptcy Code, the person or entity must have some type

---

[2] Despite this contention, in an October 9, 2013 hearing in the Bankruptcy Court, Scott's counsel stated that RAMP is a creditor, and not a debtor, in the underlying Chapter 11 cases. Oct 9, 2013 Hr'g Tr. 29:14. In the instant appeal, Scott confirms that he sought relief on behalf of a creditor through the Motion. Appellant's Br. 33.

3

of direct relationship with the debtor, its property, or the process of administering the bankruptcy estate. Order at 7. The Bankruptcy Court dismissed any notion that Scott so qualified:

> Scott concedes he is *not* a creditor in this case. He does *not* contest that he defaulted on the underlying note and mortgage. The note and mortgage are *not* owned or serviced by any of the Debtors. Yet Scott is attempting to use this bankruptcy case and this Court to block a foreclosure action properly pending in state court, filed by the trustee for the trust that owns the note and mortgage. None of the Debtors is a party to the foreclosure action. Scott does not have standing to seek relief from foreclosure from this Court.

*Id.* at 2 (emphasis in original). The court also rejected the argument that possession of knowledge that would protect the estate's assets confers standing on third parties in Chapter 11 cases. *Id.* at 7-8.

On February 6, 2014, Scott filed the instant appeal. Doc. 1. Appellant contends that the Bankruptcy Court erred in finding that he lacked standing; abused its discretion by denying him derivative standing to prosecute an avoidance action on behalf of the estate; and committed clear error by expanding the effect of the state court judgment through its discussion of the foreclosure proceedings, in violation of the *Rooker-Feldman* doctrine. Appellant's Br. 13.

## II. Discussion

### A. Standard of Review of Bankruptcy Court Judgments

This Court has jurisdiction to hear appeals from decisions of a bankruptcy court pursuant to 28 U.S.C. § 158(a), which provides in relevant part that "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees; . . . [and,] with leave of the court, from other interlocutory orders and decrees . . . of bankruptcy judges." 28 U.S.C. § 158(a)(1), (3). A district court generally reviews the findings of fact of a bankruptcy court under a "clearly erroneous" standard, *see* Fed. R. Bankr. P. 8013, but conclusions of law are reviewed *de novo*. *See, e.g.*, *Shugrue v. Air Line Pilots Ass'n, Int'l (In re*

4

*Ionosphere Clubs, Inc.)*, 922 F.2d 984, 988-89 (2d Cir. 1990); *Nova v. Premier Operations, Ltd. (In re Premier Operations),* 294 B.R. 213, 217 (S.D.N.Y. 2003).

### B. Standing

A party invoking federal jurisdiction bears the burden of establishing its standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To have standing in bankruptcy court, a party must meet three requirements: (1) Article III's constitutional requirements; (2) federal court prudential standing requirements; and (3) the "party in interest" requirements under Section 1109(b) of the Bankruptcy Code. *In re Old Carco LLC*, 500 B.R. 683, 690 (Bankr. S.D.N.Y. 2013).

Prudential standing encompasses the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked. *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12 (2004) (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)). Prudential limitations on standings are especially important in bankruptcy proceedings which often involve numerous parties who may seek to assert the rights of third parties for their own benefit. *In re Old Carco*, 500 B.R. at 691.

Section 1109(b) provides that a party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and appear and be heard on any issue in a case under this chapter. 11 U.S.C. § 1109. The term "party in interest" is not further defined in the statute. *In re Teligent, Inc.*, 640 F.3d 53, 60 (2d Cir. 2011). However, courts in this Circuit have held that a party in interest is one that has a sufficient interest in the outcome of the case that would require

5

representation, or a pecuniary interest that will be directly affected by the case. *See In re Stone Barn Manhattan LLC*, 405 B.R. 68, 74 (Bankr. S.D.N.Y. 2009); *see also In re Innkeepers USA Trust*, 448 B.R. 131, 141 (Bankr. S.D.N.Y. 2011) (observing that courts in this District have limited 'party in interest' standing to parties with a direct interest in the bankruptcy proceeding); *In re Martin Paint Stores*, 199 B.R. 258, 264 (Bankr. S.D.N.Y. 1996), *aff'd*, *S. Boulevard, Inc. v. Martin Paint Stores*, 207 B.R. 57 (S.D.N.Y. 1997) (stating that because one purpose of bankruptcy is to convert the debtor's assets to cash and distribute that cash to the creditors, 'party in interest' standing is reserved for the debtor, creditors, or those who can assert an equitable claim against the estate).

Finally, 11 U.S.C. § 362(k) provides that an individual injured by any willful violation of an automatic stay shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages. Courts in this Circuit have limited standing under Section 362(k) to individual debtors and creditors. *See In re Ampal-American Isr. Corp.*, 502 B.R. 361, 370 (Bankr. S.D.N.Y. 2013).

### C. The Bankruptcy Court Properly Denied Appellant's Motion

Appellant is not a creditor or a party in interest specified in Section 1109(b).[3] To the contrary, Scott's connection to the estate is patently indirect: he is a defendant in a foreclosure action involving a mortgage that was once serviced by a debtor. Accordingly, the case law

---

[3] Despite Appellant's claims, Appellee's brief was not untimely. Appellee filed its brief on March 10, 2014, 18 days after Scott filed his opening brief on February 20, 2014. *See* Docs. 6, 8. The scheduling order entered by this Court directed the parties to adhere to Rule 8009 of the Federal Rules of Bankruptcy Procedure, which requires that appellees serve and file a brief within 14 days after service of the appellant's brief. Doc. 5. As Appellee notes, however, Rule 9006—which governs the computation of time in bankruptcy appeals—provides that three days are added to the prescribed period for responding where, as here, service is made electronically under Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure. Because the expiration of this 17-day period for Appellee's brief would have fallen on a Sunday, however, its brief was in fact timely filed on Monday, March 10, 2014. *See* Rule 9006(a)(1)(C).

makes clear that Scott is not a party in interest under Section 1109(b). *See In re Stone Barn Manhattan LLC*, 405 B.R. at 74; *In re Innkeepers USA Trust*, 448 B.R. at 141; *In re Martin Paint Stores*, 199 B.R. at 264. And while Scott claims to be an individual injured by a willful violation of the stay, Appellant's Br. 20, he is not an individual debtor or creditor and therefore cannot claim standing under Section 362(k).[4] Accordingly, the Bankruptcy Court properly ruled that Scott did not have standing to bring the Motion.[5]

---

[4] The case law does not support Scott's claimed standing under Section 362(k). Indeed, he has not cited any authority for this position in his papers. Moreover, Scott's reliance on *St. Paul Fire & Marine Ins. Co. v. Labuzan*, 579 F.3d 533 (5th Cir. 2009)—which he cited as support for his argument in the October 9, 2013 hearing—is misplaced. There, the Fifth Circuit held that principals of the debtor company had standing under Section 362(k) to pursue a damages claim for alleged violations of the automatic stay, but only in the principals' capacities as creditors. *Id.* at 536, 545. Because Scott is not a creditor, however, the Court does not read *Labuzan* as support for his arguments. *Cf. In re 110 Beaver St. P'ship*, 355 F. App'x 432, 439 n.9 (1st Cir. 2009) (observing that *Labuzan* makes clear that the creditor must be able to allege an injury as a creditor from the violation of the automatic stay).

[5] Appellant's secondary arguments are similarly without merit. First, Scott's argument that the Bankruptcy Court erred in failing to grant him derivative standing to prosecute an avoidance action is, *inter alia*, procedurally defective. In the Second Circuit, derivative standing to initiate suit with the approval of the bankruptcy court exists when the debtor in possession has unjustifiably failed to bring suit. *In re Smart World Techs., LLC*, 423 F.3d 166, 176 (2d Cir. 2005) (quoting *In re STN Enters.*, 779 F.2d 901, 904 (2d Cir. 1985)); *see id.* (comparing derivative standing in the bankruptcy context to that in shareholder suits). However, the Court need not address Appellant's argument because Scott did not raise the issue of derivative standing in the Motion, and accordingly, the Bankruptcy Court did not rule on the issue. *See In re Lionel Corp.*, 29 F.3d 88, 92 (2d Cir. 1994) (noting the general rule that a federal appellate court does not consider an issued not passed upon below); *Morse v. Rescap Borrower Claims Trust*, No. 14 Civ. 5800 (GHW), 2015 WL 353931, at *3 (S.D.N.Y. Jan. 26, 2015) (stating that any arguments not raised in the bankruptcy court are considered waived and will not be considered on appeal unless such a waiver results in manifest injustice); *cf. Matrix Realty Grp., Inc. v. Food Mgmt. Grp., LLC*, No. 08 Civ. 5956 (DAB), 2010 WL 3911482, at *12 n.8 (S.D.N.Y. Sept. 21, 2010), *aff'd*, 425 F. App'x 54 (2d Cir. 2011) (stating that the court would not consider an issue that was not raised before the bankruptcy court). Even if Appellant had properly raised the issue, however, Scott has failed to show that his suit would have been in the best interest of the bankruptcy estate or that Debtors unjustifiably failed to bring his claims. *See, e.g.*, *In re Levine*, No. 00-15511 (PCB), 2007 WL 2048670, at *3 (Bankr. S.D.N.Y. July 10, 2007).

Second, Appellant's contention that the Bankruptcy Court's description of the state court foreclosure proceedings violated the *Rooker-Feldman* doctrine is completely devoid of merit. The *Rooker-Feldman* doctrine prohibits federal courts from hearing appeals of state court judgments. *Galtieri v. New York City Police Pension Fund*, No. 12 Civ. 1159 (PGG), 2014 WL 4593927, at *4 (S.D.N.Y. Sept. 15, 2014). According to Appellant, the Bankruptcy Court violated the *Rooker-Feldman* doctrine by describing the foreclosure proceedings as "properly pending in the state court, filed by the trustee for the trust that owns the note and mortgage." Appellant's Br. 13. Scott has failed to demonstrate how the Bankruptcy Court's description of the foreclosure proceedings in dicta improperly went "beyond the scope of the jurisdiction of the court." Appellant's Br. 35.

## III.  Conclusion

For the reasons set forth above, the Bankruptcy Court's December 19, 2013 Order is AFFIRMED. The Clerk of the Court is respectfully directed to docket this decision and close the case.

It is SO ORDERED.

Dated:   February 13, 2015
         New York, New York

                                              Edgardo Ramos, U.S.D.J.